Gerald Barrett, Esq. SBN: 005955
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue
Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PHILLIP A. McNALLY as Trustee of the Plaintiff Taft-Hartley Trust Funds; BRYAN DeWITT, as Trustee of the Plaintiff Taft-Hartley Trust Funds; ARIZONA PIPE TRADES HEALTH AND WELFARE TRUST FUND, a Taft-Hartley Trust Fund; ARIZONA PIPE TRADES DEFINED CONTRIBUTION PENSION FUND, a Taft-Hartley Trust Fund; PHOENIX PIPEFITTING TRADES JOINT APPRENTICESHIP TRUST FUND, a Taft-Hartley Trust Fund; PIPE TRADES INDUSTRY PROGRAM OF CENTRAL AND NORTHERN ARIZONA, a Taft-Hartley Trust Fund; and, LOCAL UNION NO. 469 OF UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING TRADE, a Labor Organization, | Case No.: COMPLAINT |
| Plaintiffs, | |
| vs. | |
| COLEMAN CONTRACTING INC., DBA COLEMAN PLUMBING AND HEATING, an Arizona corporation; | |
| Defendants. | |

Complaint - 1

Plaintiffs allege as follows:

<u>COUNT I</u>: *Enforcement of Collective Bargaining Agreement*

1.      Count One is brought to enforce the terms of a collective bargaining agreement.  Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.      Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Plaintiff Phoenix Pipefitting Trades Joint Apprenticeship Trust Fund and Plaintiff Pipe Trades Industry Program of Central and Northern Arizona are each the designated payee of certain contributions required to be made by each employer signatory to or otherwise bound by a collective bargaining agreement with plaintiff Local Union 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry.  In this regard, each of these Plaintiff Trust Funds is established pursuant to an Agreement and Declaration of Trust which is incorporated by reference in said collective bargaining agreements and operates as a Taft-Hartley Trust Fund.

3.      Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

4.      Plaintiffs Bryan DeWitt and Phillip A. McNally are each duly appointed trustees of the above described Plaintiff Taft-Hartley Trust Funds.

5.      Plaintiff Local Union No. 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Industry is a labor organization within the meaning of the federal labor laws.  Plaintiff Local Union No. 469 maintains its principal place of business in Phoenix, Maricopa County, Arizona.

6.      Defendant, COLEMAN CONTRACTING  INC., dba COLEMAN PLUMBING AND HEATING (COLEMAN PLUMBING), at all times relevant herein, was and is transacting business within the State of Arizona as a construction contractor with its principal offices located in Maricopa County Arizona.

7.      Venue is appropriate as virtually all relevant acts occurred in Maricopa County, including the fact that the above-described contributions are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

8.      Defendant COLEMAN PLUMBING, at all relevant times, was bound by the terms of a collective bargaining agreement with Plaintiff Local Union No. 469.  Said agreement required Defendant COLEMAN PLUMBING to file a contribution report form on a monthly basis, with the various Plaintiff Trust Funds described in Paragraph 3 above.  In said contribution report form, Defendant COLEMAN PLUMBING, was required to list the names of each employee performing work covered by said collective bargaining agreement and the number of hours worked by each employee.  Defendant COLEMAN PLUMBING was further obligated to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked.

9.      The Agreement and Declaration of Trust for the Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund and Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund are each incorporated within the terms of the above described collective bargaining agreement.

10.     Each Agreement and Declaration of Trust provide that Defendant COLEMAN PLUMBING is required to allow the trustees of each of the various plaintiff funds to audit its books and payroll records to determine whether Defendant  COLEMAN PLUMBING has complied with its reporting and payment obligations.

11.     The Agreement and Declaration of Trust for the Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund and Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund each provide that Defendant  COLEMAN PLUMBING is required to pay liquidated damages in the event that it fails to timely pay all contributions due and owing.

12.     Defendant COLEMAN PLUMBING by virtue of being bound to its collective bargaining agreement with Plaintiff Local Union No. 469 was required to deduct a specified amount from the wages of each employee who signed a dues

authorization check off form and remit that to Plaintiff Local Union No. 469 as and for dues payment and a specific sum from each employee who signed an authorization a specific sum as and for a contribution to the political action committee. Defendant COLEMAN PLUMBING was obligated to remit said amounts when paying its contributions to the various plaintiff trust funds.

13.    Defendant COLEMAN PLUMBING failed to honor its obligations to pay all contributions due as described above for the time period July and August, 2013 in the aggregate amount of $37,073.89.

14.    The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees and court costs incurred as a result of collection efforts.

15.    Plaintiffs have incurred attorney's fees, court costs and other costs of collection.

16.    Plaintiffs are entitled to recover pre-judgment interest.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant COLEMAN CONTRACTING  INC ,  DBA COLEMAN PLUMBING AND HEATING  for contributions for hours worked during July and August 2013 in the aggregate amount of $37,073.89 together with amounts for liquidated damages, ore-judgment interest, attorneys' fees and all other relief deemed by the Court to be appropriate.

COUNT II: *Enforcement of ERISA § 515*

17.    Plaintiffs incorporate by this reference those matters set forth above except for  Paragraphs 12.

18.     Plaintiffs second claim arises under, and jurisdiction is conferred in this Court by virtue of Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.

19.     By the acts and conduct alleged and complained hereinabove, Defendant COLEMAN PLUMBING has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

20.     Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) to recover liquidated damages and attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant COLEMAN CONTRACTING  INC ,  DBA COLEMAN PLUMBING AND HEATING  for contributions for hours worked during July and August 2013 in the aggregate amount of $37,073.89 together with amounts for liquidated damages, ore-judgment interest, attorneys' fees and all other relief deemed by the Court to be appropriate.

Dated this October 10, 2013.

S/GERALD BARRETT
Gerald Barrett
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue
Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff